IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

**EASTERN DISTRICT.**
## NEW-ORLEANS, DECEMBER, 1835.

---

GAILLARD *vs.* LABAT ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

GAILLARD
*vs.*
LABAT ET AL.

In an action for the rescission of the sale of a slave as fraudulent, for alleged concealment of the vice of drunkenness, by representing her to be a *good house servant*, on the part of the seller, it will not be considered a case of redhibition, but one of fraud.

Whether the seller of a slave knew of the existence of the vice of drunkenness and concealed it? is a question for the Jury : and judgment rescinding the sale will be affirmed, when the verdict finding the fraud is not so unsupported by evidence, as to authorise the court to disturb it.

This is an action for the rescission of the sale of a negro woman and her daughter, on the part of the purchaser, on the ground of fraud, false representation of her qualities, and concealment of the vice of drunkenness, by the seller. The case was submitted to a jury on all the evidence adduced, who, after hearing the arguments of counsel, returned a

---

NOTE.—Judge Matthews was absent during this month, and did not join in any of the opinions delivered.

3

EASTERN DIST.
December, 1835.

GAILLARD
vs.
LABAT ET AL. verdict for the plaintiff, rescinding the sale, and restoring the slaves to the defendant, and requiring him to return the *price* ; and also in favor of the defendant against her warrantor ; she paying costs.

After an unsuccessful attempt to obtain a new trial, the defendant, Madame Labat, appealed.

*Denis*, for the appellant, contended that the verdict in this case, was against law and evidence, and that drunkenness is not a redhibitory vice, so as to authorise the rescission of the sale.

*Rost, contra*, and for plaintiff, urged, that in the sale of slaves, where a false representation of their qualities and characters is alleged and charged upon the seller, the question is one of fraud, and the sale only voidable on this allegation being sustained. *Louisiana Code*, 1842.

2. The present case is, therefore, merely a question of fraud, in which the jury were the proper judges, who have found against the defendant. The judgment thereon must be affirmed.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff alleges in his petition that he had purchased of the defendant, Labat, a slave named Marie Jeanne, alias Láfille, and her daughter, named Cecilia, for the price of one thousand dollars, for which he gave his note, endorsed by his father. That the defendant and her husband, from whom she is separated of property, both knew at the time of the sale, that he wished to purchase her as a confidential house servant, and that at divers times they represented her as a first rate house servant, trusty, sober and honest. But he avers that she was, on the contrary, to the knowledge of the defendant, an habitual drunkard, both before and at the time of the sale ; that she was unworthy to be trusted and unfit to be used as a house servant, and that he was induced to purchase by the false representations and suppression of truth made by the defendant. He prays that the sale may be avoided as fraudulent, and the defendant condemned to refund the price and to pay damages.

The defendant in her answer, denied all the facts and allegations, except that she sold the slave by act, before Caire, notary public, and she calls on her warrantor, Mrs. Fitzgerald, who was thereupon made a party. The case was tried by a jury, whose verdict was in favor of the plaintiff, and also in favor of the warrantor, and the defendant appealed.

EASTERN DIST.
December, 1835.

GAILLARD
vs.
LABAT ET AL.

Her counsel contends that the verdict is contrary to law and evidence, and that drunkenness is not a redhibitory vice.

It appears to us, obviously, that this is not an action of redhibition, and it is, therefore, not necessary to inquire whether habitual drunkenness be, or be not such a vice as would entitle a purchaser to sustain such an action.

The plaintiff claims a rescission of the contract, not on the ground that such a habit forms a redhibitory defect in a slave, but on the alleged false assertion on the part of the defendant, of the qualities of the slave in question, on a fraudulent concealment of her vices or defects, and he relies upon article 1841 of the Louisiana Code.

That article, which treats of the nullity of agreements resulting from fraud, or the artifice of one party as to any material part of the contract, with design to obtain some unjust advantage, declares that "a false assertion of the value or cost or quality of the object, will constitute such artifice, if the object be one that requires particular skill or habit, or any difficult or inconvenient operation to discover the truth or falsity of the assertion;" and the same article enumerates among other objects, as referable to this rule, "slaves sold with a false assertion of their qualities, or a concealment of their vices or defects."

The defendant, in answer to interrogatories, admits that she represented Marie Jeanne as a good servant, but denies any knowledge of her habit of drinking to excess. The term, *good servant*, is very vague, but a house servant addicted to the habit of drunkenness, hardly deserves the epithet. Whether the defendant knew of the existence of such a habit or not, and concealed it from the plaintiff, is a question which was submitted to the jury. The habit is proved to have

*In an action for the rescission of the sale of a slave as fraudulent, for alleged concealment of the vice of drunkenness, by representing her to be a* good house servant, *on the part of the seller, it will not be considered a case of redhibition, but one of fraud.*

*Whether the seller of a slave knew of the existence of the vice of drunkenness and concealed it? is a question for the jury: and judgment rescinding the sale, will be affirmed when the verdict finding the fraud is not so unsupported by evidence as to authorise the court to disturb it.*

EASTERN DIST.
December, 1835.

existed both before and after the sale, and the verdict of the jury is not so unsupported by evidence, as to authorise this court to disturb it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.